**LOKER LAW, APC**
Matthew M. Loker, Esq.
*Pro hac vice to be submitted*
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

**KIND LAW**
Michael Kind, Esq. (13903)
mk@kindlaw.com
8860 South Maryland Pkwy, Ste. 106
Las Vegas, NV 89123
Telephone: (707) 337-2322
Facsimile: (707) 329-5881

*Attorneys for Plaintiff Angela Bangert*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **ANGELA BANGERT,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC. AND SOFI BANK N.A., CORP,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. ANGELA BANGERT ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of TRANS UNION, LLC ("Trans Union"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and SOFI BANK, N.A., CORP ("SoFi") with regard to Defendants' continued misrepresentations of Plaintiff's personal liability for multiple fraudulent debts and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Any violations by each Defendant were knowing, willful, and intentional, and

Defendants did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681.

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

9. Because Defendants conduct business within the State of Nevada, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Nevada from whom Trans Union, Equifax, Experian and SoFi reported fraudulent debts.

12. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. SoFi is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

14. Trans Union, Equifax, and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

CASE NO.:                    2 of 9           *Bangert v. Trans Union, LLC, et al.*
**COMPLAINT**

# FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of Nevada.

16. Sometime in December 2021, Plaintiff received an alert from CreditKarma that a new account from SoFi had appeared on her consumer report.

17. Plaintiff neither authorized nor obtained any benefits from the fraudulent account.

18. Prior to the opening of the fraudulent account, Plaintiff's FICO score was 817.

19. As of March 22, 2022, Plaintiff's credit score had dropped to 615 due to the fraudulent account.

20. On March 23, 2022, Plaintiff began disputing the fraudulent account with each defendant.

21. In connection with these disputes, Plaintiff obtained a police report from the Las Vegas Metropolitan Police Department which was assigned Case Report No. LLV220222291626.

22. Plaintiff then submitted written disputes to each defendant informing them that Plaintiff was the victim of identity theft and explained Plaintiff's basis for this belief.

23. Plaintiff's disputes provided Defendants with all information available to Plaintiff to show that Plaintiff did not open the fraudulent accounts.

24. Plaintiff's written disputes to Trans Union, Equifax and Experian were sent on, or around, March 23, 2022, pursuant to 15 U.S.C. § 1681i(a).

25. In the disputes, Plaintiff explained that Plaintiff did not authorize the SoFi account to be opened.

26. In addition, Plaintiff's disputes to each of the credit bureaus provided an abundance of documentary support including Plaintiff's respective credit reports, Plaintiff's police report, Plaintiff's driver's license, and Plaintiff's

CreditKarma notifications.

27. Following their investigation, Equifax and Experian failed to investigate Plaintiff's dispute, while Trans Union notified Plaintiff via written communication dated April 17, 2022, that Plaintiff's account with SoFi was reported accurately.

28. SoFi was required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

29. The Credit Bureaus were also required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

30. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

31. Defendants' respective investigations were unreasonable.

32. More specifically, SoFi should have discovered from their own records that the information being reported was inaccurate and materially misleading.

33. Plaintiff contends that it was unreasonable for Trans Union, Experian, Equifax and SoFi to not contact Plaintiff for further information if needed; to not investigate Plaintiff's whereabouts on the date of the fraudulent transactions; and, to not investigate whether these transactions were characteristic of other transactions made by Plaintiff.

34. Accordingly, SoFi failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

35. SoFi failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Due to SoFi's failure to reasonably investigate, SoFi further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

37. By inaccurately reporting account information after notice and confirmation of its errors, SoFi failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

38. Trans Union, Equifax and Experian also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

39. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute were fruitless.

40. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

41. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

42. Defendants' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

43. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

44. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

45. Defendants' conduct has caused Plaintiff emotional distress.

46. Plaintiff has spent countless hours disputing this inaccurate information with

Defendants in an attempt to provide any and all information needed for the investigations.

47. Plaintiff's anxiety, frustration, stress, lack of sleep, nervousness, anger, and embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

48. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

49. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

50. Similarly, Trans Union, Equifax and Experian also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

51. These documents should have caused Trans Union, Equifax and Experian to remove the inaccurate information from Plaintiff's credit report.

52. By intentionally reporting continuing obligations, Defendants acted in conscious disregard for Plaintiff's rights.

53. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

54. This continued reporting has precluded Plaintiff from being able to utilize Plaintiff's otherwise good credit.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1681X (FCRA)

### [AGAINST ALL DEFENDANTS]

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

57. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

58. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA; and,
- Any and all other relief the Court deems just and proper.

///
///
///

# JURY DEMAND

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 31, 2022                                                              Respectfully submitted,

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123


**LOKER LAW**

/s/ Matthew M. Loker
Matthew M. Loker, Esq.
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420

*Attorneys for Angela Bangert*